OPINION
Defendant-Appellant, Freddie Joe Perkins, aka Curly, [Perkins], appeals from the judgment of the Court of Common Pleas of Hancock County, Ohio, which sentenced him to two determinate seven year terms of incarceration, running concurrently, for two violations of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), felonies of the first degree.
On December 17, 1996, a six count indictment was issued by the Hancock County Grand Jury against Perkins. Several specifications were also included in the charges. Perkins pled not guilty. Subsequently, Perkins negotiated a guilty plea to the indictment's first two counts, violations of R.C. 2923.32(A)(1), engaging in a pattern of corrupt activity. In return, the specification associated with the first count, and the remaining counts and associated specifications, were dismissed. Completion of a presentence investigation and the suggestion that inarceration time on the two counts be served concurrently were also agreed to as a part of the plea. The guilty plea was accepted by the court in a judgment entry dated August 26, 1997.
Sentencing of this matter occurred on September 4, 1997. At this hearing, attorneys for the State and Perkins presented arguments in regards to Perkins' sentence. The trial court indicated that it had reviewed the presentence report as well as the principles and purposes of sentencing pursuant to the new statutory sentencing guidelines. The trial court also noted that prison time was mandatory in this case and that mitigating factors were not present, especially in view of the fact that Perkins' activity was linked to organized crime. Thus, Perkins was ordered to serve a determinate term of seven years of incarceration as to the first count of the indictment. A similar sentence was ordered for the indictment's second count, which the court ordered to be served concurrently with the first. The ruling was formalized in a judgment entry filed on September 17, 1997.
Thereafter, Perkins timely filed his notice of appeal. In support of this appeal, the following is Perkins' assignment of error:
 The trial court erred in failing to follow the statutory guidelines set forth in R.C. 2929.19 when sentencing Defendant-Appellant, Freddie J. Perkins.
The procedures followed in a sentencing hearing are set forth in R.C. 2929.19. As stated in R.C. 2929.19(A):
 (A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony * * * *
In his assignment of error, Perkins asserts that the sentencing guidelines detailed in R.C. 2929.19(B)(3)(b), (c), and (e) were not followed. These provisions are:
 (B)(3) [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 (b) Notify the offender that the parole board may extend the stated prison term if the offender commits any criminal offense under the laws of this state or the United States while serving the prison term, that the extension will be done administratively as part of the offender's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the parole board;
 (c) [I]f the offender is being sentenced for a felony of the first degree, * * * notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code will be imposed following the offender's release from prison;
 (e) Notify the offender that, if a period of post-release control is imposed following the offender's release from prison, * * * and if the offender violates a post-release control sanction imposed as a component of the post-release control * * * , all of the following apply:
 (i) The adult parole authority or the parole board may impose a more restrictive post-release control sanction.
 (ii) The parole board may increase the duration of the post-release control subject to a specified maximum.
 (iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.
 (iv) If the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the court may impose a prison term, subject to a specified maximum, for the violation.
However, upon a review of the record, we find that Perkins' argument is without merit.
In this case, at the time the trial court accepted the guilty plea, an extensive exchange between the trial court and Perkins occurred. They discussed the fact that with this plea, Perkins waived rights guaranteed by the Ohio and United States Constitutions. The court also inquired into Perkins' education and asked if he realized the nature of the charges and penalties against him. The court took great care to ensure Perkins' understanding that the plea agreement was not binding on the court's ultimate sentence and was only a recommendation. In all instances, Perkins acknowledged his comprehension of the ramifications of his plea.
Moreover, the trial court addressed the issues of which Perkins asserts he was not notified in the sentencing hearing. Specifically, the dialogue was as follows:
 The Court: Do you understand that if you commit a crime, an additional crime while you are in prison, the prison authorities, the Department of Rehabilitation and Corrections can increase up to 50% any sentence in fifteen, twenty, thirty, sixty or ninety day increments? * * * Do you understand?
Mr. Perkins: Yes, sir.
 The Court: You understand once you serve whatever time I give you, you are subject to what is called post release control for up to five years. * * * Do you understand?
Mr. Perkins: Yes, sir.
 The Court: With a crime of this nature, there is no question in my mind they are going to put you on post release control. So if they give you terms and conditions of that post release control and if you violate any of the terms or conditions of that post release control, the Department of Rehabilitation and Corrections can once again send you back to prison for, once again, a total of 50% more of that time and they can do it for up to nine months for every violation. * * * Do you understand that?
Mr. Perkins: Yes, sir.
 The Court: One more scenario. You're out on post release control and you commit a new felony. They can give you one year, the greater of one year or the time remaining on post release control. * * * Do you understand that?
Mr. Perkins: Yes, sir.
 The Court: Any question about that? It's covered in quite a bit more detail here than in the written plea form. If you've got any questions, let's get it taken care of now so we know the rules that we are operating under here.
Mr. Perkins: No, sir.
 The Court: We've talked about time. We've talked about plea negotiations. We've talked about Senate Bill 2 and sentencing. Any questions?
Mr. Perkins: No, sir.
Finally, each of these issues was also addressed in Perkins' written plea agreement, in which he stated:
 If I commit a crime in prison, the parole board could increase my prison time up to 50% of my stated term in 15, 30, 60 or 90 day increments. After prison release, I will have up to five (5) years of post-release control. The parole board could return me to prison for up to nine (9) months for each violation of those conditions, for total of 50% of my stated term. If the violation is a new felony I could receive a new prison term or the greater of one year or the time remaining on post release control.
Perkins signed this document prior to its submission to the trial court.
At the sentencing hearing, the trial court specifically referred to the earlier discussion from the plea hearing, which Perkins acknowledged. The exchange which occurred at this hearing was as follows:
 The Court: Mr. Perkins, we have, at the time of the plea, talked about potential good time credit. There is no good time credit. We've talked about the administrative things that you face with the Department of Rehabilitation and Correction should there be a new crime committed in prison. We've talked about the potential for additional administrative time if you violate post release control, or commit a new felony on post release control. Do you have any questions about any of those things?
The Defendant: No, Your Honor.
Immediately thereafter, the trial court asked Perkins' counsel if he had anything further. Although the counselor did raise additional issues, none addressed compliance with the R.C.2929.19(B) provisions. Accordingly, when looking at this matter in its entirety, we cannot say that the trial court committed any error. We conclude that the actions of the trial court and Perkins at the sentencing hearing, coupled with the discussions at the plea hearing and the terms of the written plea, constitute satisfaction with the notice requirements of R.C. 2929.19(B).
Thus, based on the foregoing, Perkins' assignment of error is overruled and the judgment of the Court of Common Pleas of Hancock County, Ohio, is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.